IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     )
    )
    v.     )     Criminal No. 20-197
    )
DENNIS RENFRO     )

## GOVERNMENT'S SENTENCING MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, and Brendan J. McKenna, Assistant United States Attorney for said District, and hereby submits this sentencing memorandum to the Court.

The defendant, Dennis Renfro, entered pleas of guilty to Counts One through Eleven of the Indictment at Criminal No. 20-197, admitting to making false statements in connection with the acquisition of firearms, in violation of 18 U.S.C. § 922(a)(6). The Presentence Investigation Report (PSIR) revealed that the defendant falls under Criminal History Category (CHC) I and has a total offense level of 15. (Doc. No. 46 at ¶¶ 23, 30). A CHC I and total offense level 15 establishes an advisory guideline range of imprisonment of 18-24 months.

In advance of the sentencing hearing, the government hereby submits this memorandum to the Court, recommending a sentence consisting of a term of imprisonment within the advisory Sentencing Guideline range. The following factors are relevant to the government's recommended sentence for the defendant in this case.

### I.     UNITED STATES SENTENCING GUIDELINES

The United States Supreme Court has instructed that "district courts must begin their [sentencing] analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Peugh v. United States*, 569 U.S. 530, 541 (2013) (quoting *Gall v. United States*, 552

U.S. 38, 50 n.6 (2007)).   Sentencing decisions are to be "anchored by the Guidelines," and appellate courts may presume that guideline sentences are reasonable.   *Peugh*, 569 U.S. at 541. When considering a non-Guidelines sentence, the Court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* (citing *Gall*, 552 U.S. at 50)).   "For even though the Guidelines are advisory rather than mandatory, they are . . . the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions."   *Gall*, 552 U.S. at 46 (citing *Rita v. United States*, 551 U.S. 338, 349 (2007)).

## II.   TITLE 18, UNITED STATES CODE, SECTION 3553

The factors cited under Title 18, United States Code, Section 3553 support the recommended sentence in this case.

**(1)   18 U.S.C. § 3553(a)(1) – the nature and circumstances of the offense and the history and characteristics of the defendant**

**The Nature and Circumstances of the Offense**

Between January 2019 and May 2020, the defendant purchased the eleven handguns described in Counts One through Eleven of the Indictment.   (Doc. No. 46 at ¶ 4).   Law enforcement recovered two of those firearms in the possession of convicted felons and determined neither were reported stolen.   (*Id.*).   Given the large number of purchased firearms, recovery of firearms in the possession of prohibited persons, and failure to report same stolen, the ATF suspected that the defendant "straw purchased" the firearms.   (*Id.* at ¶ 5).   That is, the ATF believed that the defendant purchased firearms at the direction of others and misrepresented to the federal firearm licensee that he was the actual buyer of the firearms.

A straw purchase is a serious offense that can incur grave consequences for the community. The offense ultimately results in placing a firearm into the hands of someone who has not gone

through the identification and background check procedures required under state and federal law. Thus, the straw purchaser can facilitate the possession of a firearm by someone who is potentially dangerous or is otherwise prohibited from the possession of firearms.

A single straw purchase can lead to devastating harm, and the defendant committed eleven such purchases.   Particularly aggravating this conduct is the fact that the defendant actually knew both that the firearm described in Count Five was used in a shooting and that the person who directed him to purchase the firearm described in Count Seven was prohibited from possessing firearms.   (*Id.* at ¶ 7).   Furthermore, the defendant purchased the firearm described in Count Six at the direction of a minor.   (*Id.*).   To further aggravate the nature and circumstances of the offenses, which all involved making false statements to federal firearms licensees, the defendant initially lied to federal agents when questioned about his crimes.   (*Id.* at ¶ 6).

The charges to which the defendant pleaded guilty are very serious.   His conduct placed eleven handguns into the hands of individuals who did not go through the proper procedures to acquire same, to include two felons and a minor.   (*Id.* at ¶ 7).   Additionally, one of the firearms was used in a shooting.   (*Id.*).   The defendant's conduct directly places the community at risk of harm, and a term of imprisonment consistent with the Guidelines is warranted.

### The History and Characteristics of the Defendant

The defendant is 30-years old.   His criminal history is relatively minor and includes criminal convictions for Disorderly Conduct (*id*. at ¶ 28) and Retail Theft (*id*. at ¶ 29). Nevertheless, the government notes that the West Homestead police Department arrested the defendant for Simple Assault on June 22, 2022, while he was pending sentencing for the instant federal offenses. (Doc. No. 54).   A core condition of the defendant's bond is that he must not violate federal, state, or local law while on release.   The criminal complaint for the most recent

arrest is attached as Exhibit 1, and it alleges that the defendant pointed a BB gun at another during an argument.   (Exhibit 1 at 5).

The defendant is in a long-term relationship with his girlfriend, and they have one year old daughter.   (Doc. No. 46 at ¶ 36).   During his pretrial services interview, the defendant described himself as physically healthy with no history of mental health issues.   (*Id.* at ¶¶ 36-37).   The defendant has a learning disability but was not able to identify the disability during his pretrial services interview.   (*Id.* at ¶ 38).   The disability affords the defendant with social security disability benefits, and he purposefully limits the number of hours he works in order to retain eligibility for those benefits.   (*Id.* at ¶¶ 38, 42).   The defendant reported a lengthy history of using marijuana and to sampling other controlled substances.   (*Id.* at ¶ 39).   He obtained his high school diploma in July 2012.   (*Id.* at ¶ 41).

To his credit, the defendant has accepted responsibility and pleaded guilty, saving the government time, money, and resources.   However, his acceptance of responsibility has been rewarded through reducing his offense level by three (3).   (*Id.* at ¶¶ 21-22).   The government submits that the range of imprisonment provided by the Guidelines fairly balance the nature and circumstances of the offenses against the defendant's history and characteristics.

**(2)      18 U.S.C. § 3553(a)(2)(A) – the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense**

Imposition of a Guideline sentence is necessary in this case to reflect the seriousness of the offenses committed, to promote respect for the law, and to provide just punishment.   Straw purchasing a firearm is a serious offense, as evidenced by the fact that Congress has designated it a felony, making it punishable by up to ten years of incarceration.   Straw purchasing eleven firearms, some of which fell into the hands of prohibited individuals, is even more troubling given the

increase in gun violence both nationwide and in the community.   *See, e.g.*, COUNCIL ON CRIMINAL

JUSTICE, *Violent Crime Working Group*, *available at* https://counciloncj.org/violent-crime-

working-group/ (last accessed on July 18, 2022) (noting 30% increase in murders in 2020, and 16%

increase in first half of 2021 across the country); PITTSBURGH POST-GAZETTE, *Grief Counselors in*

*Short Supply with Gun Violence Rising*, July 11, 2021, available at https://www.post-

gazette.com/news/crime-courts/2021/07/11/Grief-counselors-in-short-supply-with-gun-violence-

rising/stories/202107110179 (last accessed July 18, 2022) (discussing significant increase in gun

violence in Pittsburgh in 2021); *see also* U.S. NEWS & WORLD REPORT, *Pittsburgh Confronts Wave*

*of Gun Violence; More Teens Killed*, September 15, 2021, available at

https://www.usnews.com/news/best-states/pennsylvania/articles/2021-09-25/pittsburgh-confronts-

wave-of-gun-violence-more-teens-killed (last accessed on July 18, 2022) (noting Pittsburgh has

seen 46% increase in non-fatal shootings and similar increase in fatal shootings).

### 18 U.S.C. § 3553(a)(2)(B) – the need for the sentence imposed to afford adequate deterrence to criminal conduct

Imposition of a Guideline term of imprisonment is also necessary in this case to adequately

deter others from committing this type of offense.   Given the aforementioned increase in gun

violence, deterring others from placing firearms in the hands of prohibited persons is paramount.

Similarly, a Guideline sentence will specifically deter this defendant from engaging in additional

criminal activity.   Due to his recent arrest for simple assault, a term of imprisonment, rather than

a downward variance, is appropriate.

### 18 U.S.C. § 3553(a)(2)(C) – the need for the sentence imposed to protect the public from further crimes of the defendant

A Guideline term of imprisonment will serve to protect the public from further crimes of

this defendant during the time that he is incarcerated.

**(3)      18 U.S.C. § 3553(a)(3) – the kinds of sentences available**

As to each of Counts One through Eleven, the maximum term of imprisonment is ten (10) years.   18 U.S.C. §§ 922(a)(6) and 924(a)(2).   The Court may impose a term of supervised release of not more than three (3) years.   18 U.S.C. § 3583(b)(2).   As each count is a Class C felony, the defendant is eligible for not less than one (1) nor more than five (5) years of probation.   18 U.S.C. § 3561(c)(1).   The maximum fine is $250,000.   18 U.S.C. § 3571(b).

**(4)      18 U.S.C. § 3553(a)(4)(A) – the kinds of sentence and the sentencing range established by the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines**

The defendant falls under CHC I and has a total offense level of 15.   (Doc. No. 46 at ¶¶ 23, 30).   A CHC I and total offense level 15 establishes an advisory guideline range of imprisonment of 18-24 months.   The guideline range for a term of supervised release is one (1) to three (3) years. U.S.S.G. § 5D1.2(a)(2).   The defendant is eligible for probation because the guideline range falls in Zone D of the Sentencing Table.   U.S.S.G. § 5B1.1, Application Note 2.

The fine range for this offense is $7,500 to $75,000.   U.S.S.G. § 5E1.2(c)(3).   "The court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine."   U.S.S.G. § 5E1.2(a).   In this case, pretrial services determined that the defendant is unable to pay a fine.   (Doc. No. 46 at ¶ 53).

**(5)      18 U.S.C. § 3553(a)(5) – any pertinent policy statement**

The government is not aware of any pertinent policy statements that are applicable.

**(6)      18 U.S.C. § 3553(a)(6) – the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct**

A sentence of imprisonment within the range established by the Guidelines will avoid unwarranted sentence disparities among other defendants falling under CHC I who have also committed numerous violations of 18 U.S.C. § 922(a)(6).

6

**(7)      18 U.S.C. § 3553(a)(7) – the need to provide restitution to any victims of the offense**

Restitution is not applicable in this case.

### III.      CONCLUSION

WHEREFORE, for all the foregoing reasons, the government respectfully requests that the

Court impose the agreed upon sentence.

Respectfully submitted,

CINDY K. CHUNG
United States Attorney

s/*Brendan J. McKenna*
BRENDAN J. MCKENNA
Assistant U.S. Attorney
PA ID No. 314315
